MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CABN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5044
Facsimile:  (408) 535-5081
Email: james.scharf@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIAO D. CHEN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES;<br><br>    Defendants. | Case No. C 10-4920 JF<br><br>STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER |

IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action be settled and compromised on the following terms:

WHEREAS, Plaintiff has filed the following administrative EEO complaints with the United States Postal Service: No. 4F-945-0195-07 filed September 21, 2007 and No. 4F-945-0093-09 filed July 7, 2009.

WHEREAS, Plaintiff filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended.

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have

been raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the execution of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Amount**. In full and final settlement of all claims in connection with the above-captioned action, defendant shall pay Plaintiff a total sum of $65,000.00 ("Settlement Amount"). This amount will be the full amount paid in consideration of the mutual promises contained in this Agreement and is not in addition to any amounts paid by Defendant to Plaintiff or his Attorney. If Plaintiff or his attorney cash or have cashed any amount paid by Defendant prior to the execution of this Agreement, such payment will be considered as partial compliance with this Agreement. There shall be no withholding from this amount as plaintiff's damages claims are limited to emotional distress and attorney's fees. Plaintiff understands that this payment may be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS. The check will be made payable to Plaintiff Xiao D. Chen and his attorney, Michael C. Cohen and will be mailed to Plaintiff in care of his counsel. Plaintiff and his attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more to process.

2. **Release**. In consideration of the payment of the Settlement Amount and the other terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges Defendant, United States Postal Service, and any and all of its past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, including claims arising under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date he executes this Agreement, which arise from or relate to his employment with United States Postal Service.

3. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other EEO administrative proceedings which are currently pending.

4. **Dismissal**. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees that he will within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiff's counsel of the Settlement Amount].

5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

6. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

7. **No Admission of Liability**. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, United States Postal Service, or any of its past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in these actions.

8. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency thereof.

9. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California.

10. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

12. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have

been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

13. **Authority**. The signatories to this Agreement have actual authority to bind the parties.

14. **Expungement of Personnel Records**. In addition to the terms described in paragraph 1 above, Defendant agrees to the following: Defendant shall expunge from the Plaintiff's personnel records, if it has not yet done so, the July 13, 2007, notice of seven-day no time off suspension for being absent without official leave and the August 24, 2007, notice of fourteen-day no time off suspension for "unsatisfactory work performance/delay of first class mail." Defendant shall also expunge from the Plaintiff's personnel records the July 28, 2009, notice of seven-day no time off suspension for unsafe act/failure to follow instructions.

**15. Training of Plaintiff's Former Supervisors.** In addition to the terms described in paragraph 1 above, Defendant agrees to train Plaintiff's former supervisors, Mark Cole and Rennee Concepcion, if they are still employed by Defendant, to avoid unlawful harassment based on national origin and/or retaliation.

**16. Knowing and Voluntary Waiver of Remedies Under Age Discrimination in Employment Act.** Plaintiff acknowledges that he has up to twenty-one (21) calendar days from the date he receives this Agreement to review and consider this Agreement, discuss it with an attorney of his choice, and decide to sign it or not sign it, although he may accept or return it to Defendant's counsel at any time within those twenty-one (21) days. Plaintiff is advised to consult his attorney about the Agreement.

17. Once Plaintiff signs and dates this Agreement, he will have seven (7) days in which to revoke his acceptance. To revoke, Plaintiff must send a written statement of revocation, which should be mailed <u>and</u> faxed to:

JAMES A. SCHARF  
Assistant United States Attorney  
150 Almaden Blvd., Suite 900  
San Jose, California 95113  
Facsimile:   (408) 535-5081

STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER  
Case No. C 10-4920 JF                            -5-

Plaintiff understands that if he revokes, this Agreement shall have no effect. If Plaintiff does not revoke, this Agreement will become effective on the eighth (8th) day ("the Effective Date") after the date Plaintiff signs and dates this Agreement.

DATED: Aug 2, 2011

_____
Xiao D. Chen, Plaintiff

DATED: Aug 8, 2011

_____
Michael C. Cohen, Plaintiff's Attorney

DATED: 9-10, 2011

_____
James A. Scharf, Assistant United States Attorney
Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 8/12/11

_____
HON. JEREMY FOGEL
United States District Judge